UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| *In re Application of APR Energy Holdings Limited for Judicial Assistance in Obtaining Evidence in this District for Use in a Foreign and International Proceeding Pursuant to 28 U.S.C. § 1782.* | Case No. 1:17–mc–00143–P1 |

**DECLARATION OF KIM ANDREW REID**

Kim Andrew Reid, pursuant to 28 U.S.C. § 1746(1), hereby declares under penalty of perjury as follows:

**Background**

1. I am a Partner in the Australian law firm Allens.  Allens has been retained by Australia and New Zealand Banking Group Limited ("**ANZ Bank**") to advise on legal matters arising under Australian law in relation to the subpoena issued to ANZ Bank in this proceeding ("**ANZ Subpoena**"). I am duly authorised to make this declaration on behalf of ANZ Bank.

2. I submit this declaration in support of ANZ Bank's Motion to Quash.

3. I have been a Partner with Allens since 2006 and have practiced law in Australia for 22 years.  I was admitted as a solicitor of the Supreme Court of Western Australia in 1995 and as a solicitor of the Supreme Court of New South Wales in 1996.  I am also admitted as a legal practitioner of the High Court of Australia, which entitles me to appear in Australia's various Federal courts, up to and including the High Court of Australia. I specialise in commercial litigation and corporate insolvency and restructuring. I hold a Bachelor of Laws and I am an associate member of ARITA, the Australian Restructuring, Insolvency and Turnaround Association.

4. I have read the Supplemental Declaration of Harold E. Patricoff dated 24 July 2017, as filed by APR Energy Holdings Limited ("**APR**") in support of its application for judicial assistance pursuant to 28 U.S.C. § 1746(1) ("**Patricoff Declaration**").

5. This declaration is comprised of matters that are statements of legal opinion and/or statements of fact. Where the matters stated in this declaration are statements of legal opinion, such statements represent my view of Australian law as a practicing lawyer. Where the matters stated in this declaration are statements of fact that are within my personal knowledge, they are true. Where the matters stated in this declaration are statements of fact that are not within my personal knowledge, they are derived from documents and/or information I have reviewed supplied to Allens by or on behalf of ANZ and are true to the best of my knowledge, information and belief.

**Australian proceedings**

6. On 22 July 2014, Forge Group Power Pty Ltd (in liquidation) (receivers and managers appointed) ("**Forge**"), Mark Mentha and Scott Langdon of KordaMentha in their capacity as joint and several receivers and managers of Forge (the "**Receivers**"), General Electric International, Inc ("**GEII**"), Power Rental Asset Co Two, LLC ("**Asset Co**") and Power Rental Op Co, LLC ("**Op Co**") entered into the Interim Arrangement Deed (the "**Deed**").

7. The Deed provides (among other matters) how the dispute between the parties as to the Power Generation Facility must be resolved. A copy of the Deed is attached hereto as **Exhibit 1**.

8. In compliance with the Deed, proceedings were commenced in August 2014 in the Supreme Court of New South Wales to determine the better claim to the Power Generation Facility. Forge was the plaintiff in the proceedings and GEII, Asset Co and Op Co were the defendants.

9. On 11 February 2016, the Court found that Forge had the superior proprietary claim to the Power Generation Facility. A copy of the judgement is attached hereto as **Exhibit 2**.

10. Asset Co and Op Co appealed this decision to the New South Wales Court of Appeal. In February 2017, the Court of Appeal unanimously upheld the first instance finding. A copy of the judgment is attached hereto as **Exhibit 3**.

11. On 1 March 2017, Asset Co and Op Co filed an application for special leave to appeal the matter to the High Court of Australia, the highest appellate court in Australia and the equivalent of the Supreme Court of the United States.

12. On 15 June 2017, the High Court published the determination of the application and its reasons on its website. A copy of those documents is attached hereto as **Exhibit 4(i)** and **Exhibit 4(ii)**. In the reasons, the High Court stated (although no such statement is necessary to dismiss an application for special leave) that 'an appeal to this Court would enjoy no prospect of success'.

13. Under cover of a letter dated 19 June 2017, the High Court provided sealed orders to the effect that the application had been dismissed. A copy of those orders is attached hereto as **Exhibit 5**.

14. For the reasons that follow, the Patricoff Declaration mischaracterises the nature of the special leave application process under Australian law. A decision to dismiss a special leave application does not constitute a refusal by the High Court to exercise its jurisdiction.

**The Australian court system**

15. The Australian judicial system is comprised of State and Federal Courts. In New South Wales, the State courts include the Supreme Court of New South Wales and the Court of Appeal of New South Wales. Appeals from decisions of the Supreme Court lie to the

Court of Appeal as of right in many but not all types of claims. The High Court is the ultimate appellate court from both State and Federal courts. Appeals to the High Court from decisions of State courts do not generally lie as of right – rather, the appellant is required to obtain 'special leave to appeal' from the High Court.

**The High Court of Australia**

16. The High Court of Australia was created under section 71 of the Australian Constitution and is vested with the judicial power of the Commonwealth.

17. The High Court has both original jurisdiction (as provided for in section s75 and 76 of the Constitution) and appellate jurisdiction. In respect of its appellate jurisdiction, section 73 of the Constitution relevantly states:

> *The High Court shall have jurisdiction, with such exceptions and subject to such regulations as the Parliament prescribes, to hear and determine appeals from all judgments, decrees, orders and sentences: …*
>
>> *(ii) of any other federal court, or court exercising federal jurisdiction; or of the Supreme Court of any State, or of any other court of any State from which at the establishment of the Commonwealth an appeal lies to the Queen in Council…*
>
> *and the judgment of the High Court in all such cases shall be final and conclusive…*

18. The *Judiciary Act 1903* (Cth) and the *High Court Rules 2004* (Cth) apply to matters before the High Court.

**The special leave to appeal process**

19. Section 15 of the *Judiciary Act 1903* (Cth) states that:

> *The jurisdiction of the High Court may, subject to the provisions of this Act, be exercised by any one or more Justices sitting in open Court.*

20. Section 35 of the *Judiciary Act 1903* (Cth) states in relevant part that:

> *(1) The jurisdiction of the High Court to hear and determine appeals from:*
>
> > *(a)  judgments of the Supreme Court of a State, whether given or pronounced in the exercise of federal jurisdiction or otherwise…*
>
> *whether in civil or criminal matters, is subject to the exceptions and regulations prescribed by this section.*
>
> *(2) An appeal shall not be brought from a judgement, whether final or interlocutory, referred to in subsection (1)…* ***unless the High Court gives special leave to appeal.*** *(emphasis added)*

21. Section 35A of the Judiciary Act 1903 (Cth) states:

> *In considering whether to grant an application for special leave to the High Court under this Act or under any other Act, the High Court may have regard to any matters that it considers relevant but shall have regard to:*
>
> *(a) whether the proceedings in which the judgment to which the application relates was pronounced involve a question of law:*
>
> > *(i) that is of public importance, whether because of its general application or otherwise; or*
> >
> > *(ii) in respect of which a decision of the High Court, as the final appellate court, is required to resolve differences of opinion between different courts, or within the one court, as to the state of the law; and*
>
> *(b) whether the interests of the administration of justice, either generally or in the particular case, require consideration by the High Court of the judgement to which the application relates.*

22. Section 21(1) of the Judiciary Act 1903 (Cth) states:

> *Applications for special leave to appeal to the High Court from a judgment of another court may be heard and determined by a single Justice or by a Full Court and the Rules of the Court may provide for enabling such applications to be dealt with, subject to conditions prescribed by the Rules, without an oral hearing.*

23. Part 41 of the High Court Rules 2004 (Cth) is titled 'Applications for leave or special leave to appeal'. Rule 41.08.1 of the High Court Rules 2004 (Cth) states:

    > *Any 2 Justices may determine an application without listing it for hearing and direct the Register to draw up, sign and seal an order determining the application.*

24. When the High Court has before it an application for special leave to appeal from a decision of a Court of Appeal in a State, the High Court is exercising its appellate jurisdiction.

25. The High Court directly addressed the legal status of an application for special leave to appeal in their unanimous decision in *Smith Kline & French Laboratories (Aust) Ltd v Commonwealth; Carson v John Fairfax & Sons Ltd; Carson v Slee* (1991) 173 CLR 194. The Court unanimously held that the jurisdiction to grant or refuse special leave to appeal was an exercise of judicial power under the Constitution.

26. While noting the 'unusual character' of the special leave application process, the Court held (at [271]-[281]):

    > *Ordinarily, [a special leave application] results in a decision which is not accompanied by reasons, or particularly by detailed reasons. It involves the exercise of a very wide discretion and that discretion includes a consideration of the question whether the question at issue in the case is of such public importance as to warrant the grant of special leave…To that extent at least, the*

> *Court, **in exercising its jurisdiction to grant or refuse special leave** to appeal, gives greater emphasis to its public role in the evolution of the law than to the private rights or interests of the parties to the litigation. Notwithstanding these special features, an application for special leave to appeal, like an application for leave to appeal, is an accepted and longstanding curial procedure in this country. The procedure calls for a hearing, whether orally or on written materials, and a determination in the form of a curial order. **If the application be refused, the order dismissing the application is the final curial act which brings the litigation between the parties to an end. An application for special leave to appeal therefore involves the exercise of judicial power.*** (emphasis added)

27. The unanimous decision in *Smith and Kline*[1] was most recently affirmed by Justice Gageler of the High Court in *Aristocrat Technologies Australia Pty Ltd v Allan* [2016] HCA 3, where his Honour stated (at [10]):

    > *The power to grant or refuse special leave to appeal legislatively conferred on the High Court… is a judicial power.*

28. The Federal Court of Australia has similarly affirmed that the determination of a special leave application is a judicial proceeding. In *VFAY v Minister for Immigration & Multicultural & Indigenous Affairs* [2004] FCA 14, Justice Ryan held (at [34]):

    > *Both Smith Kline[2] and Coulter,[3] I consider, support the view that the determination of an application for special leave involves a judicial proceeding, during which a judicial discretion is exercised. Further, the application for*

---

[1] *Smith Kline & French Laboratories (Aust) Ltd v Commonwealth; Carson v John Fairfax & Sons Ltd; Carson v Slee* (1991) 173 CLR 194.
[2] *Smith Kline & French Laboratories (Aust) Ltd v Commonwealth; Carson v John Fairfax & Sons Ltd; Carson v Slee* (1991) 173 CLR 194.
[3] *Coulter v R* (1988) 164 CLR 350.

> *special leave is an accepted curial procedure in the Australia court system and if the application is dismissed, the litigation between the parties is at an end.*

29. When determining an application for special leave to appeal, the High Court is exercising its jurisdiction. Section 15 of the *Judiciary Act 1903* (Cth), together with Part 41 of the *High Court Rules 2004* (Cth), makes clear that the High Court's jurisdiction to determine a special leave application may be exercised by a single Justice appointed to the High Court, but, as a matter of practice, is usually exercised by two Justices. In weighing the application, the High Court considers whether the application satisfies the criteria for special leave contained in Section 35A of the *Judiciary Act 1903* (Cth). In deciding the application, the High Court makes a positive determination, on the merits, as to whether the criteria are satisfied.

30. The criteria set out in s35A of Judiciary Act 1903 are exhaustive and although the jurisdiction to grant special leave to appeal is discretionary, special leave will not typically be granted where the proposed appeal has limited or no prospects of success (as was found by the High Court to be the case here).

31. For instance (although examples are commonplace), in *Crump v The Queen* (1995) 129 ALR 7, Chief Justice Brennan, Justice Dawson and Justice Gummow of the High Court stated:

> *An application for the grant of special leave faces considerable difficulty if the question of law involved is merely one of the construction and application of a particular statute. When a grant of special leave is made the question in the case will usually be of exceptional public importance… However, in deference to the argument which has been addressed to us, we add that special leave would have been refused in any event on the ground that an appeal from the*

> *decision of the Court of Criminal Appeal would not have enjoyed sufficient prospects of success.*

32. A decision to dismiss a special leave application does not constitute a refusal by the High Court to exercise its jurisdiction. Dismissal of the application is '*the final curial act*',[4] the effect of which is to render the relevant Court of Appeal's decision as the final and determinative resolution of the matter.

---

[4] *Smith Kline & French Laboratories (Aust) Ltd v Commonwealth; Carson v John Fairfax & Sons Ltd; Carson v Slee* (1991) 173 CLR 194.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed:   August 2, 2017
            Sydney, Australia

_____
Kim Andrew Reid
ALLENS
Deutsche Bank Place
Corner of Hunter & Phillip Streets
Sydney NSW 2000 Australia
+61 2 9230 4037
+61 2 9230 5333 (fax)
Kim.Reid@allens.com.au