## Allens › ‹ Linklaters

Forge Group Power Pty Limited ACN 103 678 324 (In Liquidation)
(Receivers and Managers Appointed)

Mark Mentha and Scott Langdon, in their capacity as joint and several receivers and managers of substantially all of the assets of Forge Group Power Pty Limited (In Liquidation)(Receivers and Managers Appointed)

Power Rental Asset Co Two, LLC

Power Rental Op Co Australia, LLC ARBN 167 060 997

General Electric International, Inc. ABN 85 002 420 751

# Interim Arrangement Deed

**EXECUTION VERSION**

Deutsche Bank Place
Corner Hunter and Phillip Streets
Sydney  NSW  2000 Australia
Tel  +61 2 9230 4000
Fax  +61 2 9230 5333
www.allens.com.au

© Allens Australia 2014

Allens is an independent partnership operating in alliance with Linklaters LLP.

Interim Arrangement Deed                           Allens › ‹ Linklaters

## Contents

| | | |
|---|---|---|
| 1 | Definitions and Interpretation | 1 |
| | 1.1 Definitions | 1 |
| | 1.2 Interpretation | 3 |
| | 1.3 Consents or approvals | 4 |
| 2 | Conditions Precedent | 4 |
| | 2.1 Fulfilment of conditions | 4 |
| | 2.2 Waiver of conditions | 4 |
| 3 | Dismissal of the US Proceeding | 4 |
| 4 | Covenant not to sue | 5 |
| 5 | Acknowledgement of competing claims | 5 |
| 6 | Dealing with the Turbines | 6 |
| 7 | Prosecution of the Australian Proceeding | 7 |
| 8 | Limitation of Liability | 8 |
| 9 | Replacement Bond | 8 |
| 10 | Demand under or return of the Bond | 9 |
| 11 | Service | 11 |
| 12 | Related Entities | 11 |
| 13 | Confidentiality | 11 |
| | 13.1 Non-disclosure | 11 |
| | 13.2 Permitted disclosure | 11 |
| 14 | Entire Agreement | 12 |
| 15 | Amendment | 12 |
| 16 | Assignment | 12 |
| 17 | No Waiver | 12 |
| 18 | Further Assurances | 12 |
| 19 | No Merger | 12 |
| 20 | Goods and Services Tax | 12 |
| | 20.1 Recovery of GST | 12 |
| | 20.2 Liability net of GST | 12 |
| | 20.3 Adjustment events | 13 |
| | 20.4 Survival | 13 |
| | 20.5 Definitions | 13 |
| 21 | Costs and Stamp Duty | 13 |
| 22 | Governing Law and Jurisdiction | 13 |
| 23 | Counterparts | 13 |
| 24 | Notices | 13 |
| 25 | Receivers' limitation of liability | 15 |
| 26 | Participation of GE | 16 |

Interim Arrangement Deed

Allens › ‹ Linklaters

**This Deed** is made on 22 July 2014

**Parties**

1   **Forge Group Power Pty Limited ACN 103 678 324 (In Liquidation) (Receivers and Managers Appointed)**, a company incorporated in Australia with its registered office at Forge Group Ltd, 28 Troode Street, West Perth WA 6005 (**Forge**).

2   **Mark Mentha and Scott Langdon** in their capacity as joint and several receivers and managers of substantially all of the assets of Forge, of c/- KordaMentha Pty Ltd, Level 10, 40 St Georges Terrace, Perth WA 6000 (**Receivers**).

3   **Power Rental Asset Co Two, LLC**, a company incorporated in Delaware with its principal place of business in Jacksonville, Florida (**AssetCo**).

4   **Power Rental Op Co Australia, LLC ARBN 167 060 997**, a company incorporated in Delaware with its registered office in Australia at 'AMP Centre', Level 27, 50 Bridge Street, Sydney NSW 2000 (**OpCo**).

5   **General Electric International, Inc. ABN 85 002 420 751**, a company incorporated in Delaware with its registered office in Australia at 'Building 2', Level 4, 572 Swan Street, Burnley Vic 3121 (**GE**).

**Recitals**

A   Forge and the Receivers of the one part and one or more of AssetCo, OpCo and GE of the other part, each claim rights over and to certain equipment, which equipment is referred to in this Deed as the Turbines.

B   In order to facilitate a resolution of the competing claims of the parties over the Turbines and to facilitate the Turbines being deployed and put to use while the competing claims are being resolved by an Australian court, the parties have decided to enter into the following interim arrangements relating to the Turbines as set out in this Deed.

**It is agreed** as follows.

**1      Definitions and Interpretation**

**1.1    Definitions**

The following definitions apply unless the context requires otherwise.

***APR Parties*** means AssetCo, OpCo and GE or any of them as the context requires.

***Australian Proceeding*** means a proceeding commenced or to be commenced by one or more of Forge and the Receivers (or by any parties as the Receivers may decide in writing are appropriate) against one or more of the APR Parties (and against such other parties as the Receivers may decide are appropriate) or, as the case may be, a proceeding commenced by the APR Parties against one or more of Forge and the Receivers (and against such other parties as the APR Parties may decide are appropriate) to determine, in substance, among other matters in relation to the Turbines, whether any of Forge or the Receivers have a superior right or title to, or interest in, the Turbines than that (if any) of the APR Parties, where:

(a)     such proceeding is commenced in the Supreme Court of New South Wales or, if the Supreme Court of New South Wales is unable or unwilling to hear the matter, in the Federal Court of Australia (Sydney Registry) or, if the Federal Court of Australia (Sydney

Interim Arrangement Deed

**Allens › ‹ Linklaters**

Registry) is unable or unwilling to hear the matter or if the parties agree in writing, in the Supreme Court of Western Australia; or

(b)   in the event that the Supreme Court of New South Wales, the Federal Court of Australia (Sydney Registry) or the Supreme Court of Western Australia are each unable or unwilling to hear the matter or decline jurisdiction and the parties do not agree in writing to approach another Australian court to hear the matter, such proceeding will be resolved by arbitration in accordance with clause 30(b) of the Rental Agreement, except that:

(i)   the final two sentences of clause 30(b) of the Rental Agreement are deleted;

(ii)   the seat of the arbitration will be Sydney, New South Wales, Australia and the venue for the arbitration will be London, England (or such other venue as agreed between the parties in writing); and

(iii)   any appeal from the arbitral award on a point of law may be made to the Courts of New South Wales up to and including the High Court of Australia;

and includes any appeal or cross-appeal from any judgment or order or award in such proceeding.

**Bond** means the irrevocable standby letter of credit issued in favour of Forge by a financial institution acceptable to Forge (by the Receivers) and the Receivers and in a form and on terms acceptable to Forge and the Receivers, to the value of US$44,000,000 which is to be provided under clause 2.1(a)(ii), and includes any Replacement Bond.

**Business Day** means any day that is not a Saturday, Sunday or public holiday in Sydney, Australia.

**Claim** means any interim or final claim, demand, legal proceeding, cause of action or liability of any kind (including any claim, demand, legal proceeding, cause of action or liability of any kind in respect of costs, whether or not the subject of a court order):

(a)   based in contract (including breach of warranty);

(b)   based in tort (including misrepresentation or negligence);

(c)   under common law or equity; or

(d)   under statute,

or otherwise, whether present, unascertained, immediate, future or contingent.

**Effective Date** means the date on which the last of the conditions listed in clause 2.1 is either fulfilled or waived in accordance with clause 2.2.

**Forge Security Trust** means the trust established pursuant to the Security Trust Deed dated on or about 2 July 2013 between Forge, each party listed in Schedule 1 to that deed as Initial Beneficiaries, each party listed in Schedule 2 to that deed as Initial Security Providers, the Security Trustee and Australia and New Zealand Banking Group Limited as Mandated Lead Arranger.

**GSA** means the document titled General Security Agreement between Forge and others as grantors and ANZ Fiduciary Services Pty Limited ACN 100 709 493 dated 2 July 2013 and registered on the Personal Property Security Register under the PPSA with registration number 201307020066700.

**PPSA** means the *Personal Property Securities Act 2009* (Cth).

**Receivers** means:

(a)   the Receivers; and/or

Interim Arrangement Deed

**Allens › ‹ Linklaters**

(b)      any other receiver or receiver and manager appointed pursuant to the GSA.

***Related Body Corporate*** has the meaning given to related body corporate in the *Corporations Act 2001* (Cth).

***Related Entity*** means, in relation to a party, any Related Body Corporate of the party and any past or present officer, employee, agent or advisor of the party or one of its Related Bodies Corporate (but does not include a party).

***Rental Agreement*** means the document titled "Contract between Forge Group Power Pty Limited and General Electric International, Inc. for the rental of power generation equipment and supply of associated services" dated 5 March 2013 with contract number 735517, including its attachments and as amended from time to time.

***Replacement Bond*** means a replacement bond on the same terms as the original Bond (or such other terms as may be agreed in writing by the Receivers) and issued by a financial institution having at least the Required Rating.

***Required Rating*** means a long term rating of A (for a rating given by Standard & Poor's) or A2 (for a rating given by Moody's) or both (if rated by both of those rating agencies).

***Turbines*** means four TM2500+ mobile gas turbine generator sets manufactured by the General Electric Company with unit numbers TM033, TM035, TM036 and TM037, each including a main trailer, auxiliary trailer and auxiliary equipment, together with all parts, accessories, spare parts and commissioning spares, which were leased by GE to Forge, alternatively by OpCo to Forge, under the terms of the Rental Agreement.

***US Proceeding*** means the proceeding brought by the APR Parties against, among others, Forge and the Receivers in the United States District Court for the Middle District of Florida with case number 3:2014cv00445 and civil action number 3:14-CV-445-J-32JBT.

## 1.2      Interpretation

The following rules of interpretation apply to this Deed unless the context requires otherwise:

(a)      Headings are for convenience only and do not affect interpretation.

(b)      Nothing in this Deed is to be interpreted against a party solely on the ground that the party put forward this Deed or any part of it.

(c)      The meaning of general words is not limited by specific examples introduced by 'including', or 'for example', or similar expressions.

(d)      The singular includes the plural and the converse.

(e)      A gender includes all genders.

(f)      Where a word or phrase is defined, its other grammatical forms have a corresponding meaning.

(g)      A reference to a person includes a corporation, trust, partnership, unincorporated body or other entity, whether or not it comprises a separate legal entity.

(h)      A reference to a party to this Deed or another agreement or document includes the party's successors and permitted substitutes or assigns.

(i)      A reference to a clause, annexure or schedule is a reference to a clause of, or annexure or schedule to, this Deed.

(j)      A reference to legislation or to a provision of legislation includes a modification or re-enactment of it, a legislative provision substituted for it and a regulation, statutory instrument, code or other thing issued under it.

Interim Arrangement Deed

**Allens › ‹ Linklaters**

(k)    A reference to an agreement includes any undertaking, deed, guarantee, indemnity, security, agreement and legally enforceable arrangement, whether or not in writing, and a reference to a document includes an agreement (as so defined) in writing and any certificate, notice, instrument and document of any kind.

(l)    A reference to an agreement or document (including a reference to this Deed) is to the agreement or document as amended, varied, supplemented, novated or replaced, except to the extent prohibited by this Deed or that other agreement or document.

(m)    A reference to writing includes a facsimile transmission and any means of reproducing words in a tangible and permanently visible form.

(n)    A reference to conduct includes an omission, statement or undertaking, whether or not in writing.

(o)    Each paragraph of a list is to be construed independently.  None limits any other.

### 1.3   Consents or approvals

If the doing of any act, matter or thing under this Deed is dependent on the consent or approval of a party or is within the discretion of a party, the consent or approval may be given or the discretion may be exercised conditionally or unconditionally or withheld by the party in its absolute discretion.

## 2   Conditions Precedent

### 2.1   Fulfilment of conditions

This Deed will not take effect until:

(a)    the APR Parties have provided or procured to Forge, acting by the Receivers:

    (i)    a copy of a counterpart of this Deed duly executed on behalf of each of them; and

    (ii)    the Bond.

(b)    Forge has provided to the APR Parties a copy of a counterpart of this Deed duly executed on its behalf.

### 2.2   Waiver of conditions

The fulfilment of a condition listed in clause 2.1 may only be waived by written agreement of the party or parties holding the benefit of the condition.

## 3   Dismissal of the US Proceeding

From the date that the Australian Proceeding is commenced:

(a)    the APR Parties must promptly take all steps necessary to cause the US Proceeding against all parties to be dismissed with prejudice within 5 Business Days of the commencement of the Australian Proceeding on the basis that each party will bear its own costs of the US Proceeding;

(b)    Forge must cooperate with the APR Parties in seeking such a dismissal of the US Proceeding;

(c)    this Deed operates as a bar to, and Forge may plead this Deed as a bar to, any further prosecution of the US Proceeding; and

(d)    Forge and the Receivers each irrevocably release and discharge the APR Parties, and the APR Parties each irrevocably release and discharge Forge and the Receivers from

Interim Arrangement Deed

**Allens › ‹ Linklaters**

any Claim arising from or in connection with the filing and prosecution by the APR Parties of the US Proceeding.

## 4   Covenant not to sue

(a)   Subject to clause 4(b):

    (i)   the APR Parties agree that from the Effective Date they will not bring or pursue, nor procure that any third party bring or pursue, any Claim against Forge, the Receivers or any of their respective Related Entities in any jurisdiction in respect of any matter the subject of or relating to the allegations in the US Proceeding; and

    (ii)   Forge and the Receivers agree that from the Effective Date they will not bring or pursue, nor procure that any third party bring or pursue, any Claim against the APR Parties or any of their respective Related Entities in any jurisdiction in respect of any matter the subject of or relating to the allegations in the US Proceeding.

(b)   The parties to this Deed may, subject to clause 7(a)(iv), bring and pursue the Australian Proceeding, including any available appeal or cross-appeal from any determination in the Australian Proceeding up to and including an appeal to the High Court of Australia.

(c)   This Deed operates as a bar to, and the parties and their Related Entities may plead this Deed as a bar to, any Claim brought, pursued or procured by a party in contravention of clauses 4(a)(i) or 4(a)(ii).

## 5   Acknowledgement of competing claims

(a)   The parties acknowledge that:

    (i)   Forge and the Receivers claim in substance that pursuant to the operation of the PPSA and under the general law, any and all security interests of the APR Parties in the Turbines have vested in Forge, that Forge and/or the Receivers have a superior right or title to, or interest in, the Turbines than that (if any) of the APR Parties and that Forge and/or the Receivers are entitled to possession of the Turbines as against the APR Parties; and

    (ii)   one or more of the APR Parties claim in substance, among other matters, that Forge has no proprietary interest in the Turbines, that AssetCo has title to and ownership of the Turbines and that one or more of the APR Parties is entitled to possession of the Turbines as against Forge.

(b)   The parties acknowledge and agree that:

    (i)   nothing in this Deed affects the rights of Forge and the Receivers of the one part and of the APR Parties of the other part to make such Claims as the parties see fit as against each other in the Australian Proceeding in respect of the Turbines;

    (ii)   nothing in this Deed may be pleaded or claimed by Forge and the Receivers as against the APR Parties in the Australian Proceeding or pleaded or claimed by the APR Parties as against Forge and the Receivers in the Australian Proceeding as an admission or waiver of a party's rights (if any) in respect of the Turbines or as a limitation on a party's rights to seek such orders as against another party as the first party sees fit in respect of the Turbines, including orders as against another party for the delivery up of the Turbines; and

Interim Arrangement Deed

**Allens › ‹ Linklaters**

    (iii)    no dealing with the Turbines which takes place from the Effective Date (whether pursuant to clause 6 or otherwise) may be pleaded or claimed by a party as against another party in the Australian Proceeding as an admission or waiver of a party's rights (if any) in respect of the Turbines or as a limitation on a party's rights to seek such orders as against another party as the first party sees fit in respect of the Turbines, including orders as against another party for the delivery up of the Turbines; and

    (iv)    insofar as it may be relevant to the Australian Proceeding, the Parties will agree as a fact for the purposes of that proceeding that the Turbines remain situate in Australia, even if they have been removed from Australia.

## 6    Dealing with the Turbines

(a)    Forge and the Receivers agree that notwithstanding that they continue to make the claims referred to in clause 5, none of which have been waived or conceded, that from the Effective Date:

    (i)    they will refrain from preventing or taking steps (whether directly or indirectly) to prevent the APR Parties from taking possession of or otherwise dealing with the Turbines;

    (ii)    they will refrain from preventing or taking steps (whether directly or indirectly) to prevent the APR Parties from removing the Turbines from Australia;

    (iii)    they will refrain from taking possession of the Turbines or otherwise dealing with the Turbines (whether directly or indirectly), except to the extent permitted by this Deed or to the extent that the APR Parties may otherwise consent in writing;

    (iv)    they will provide all reasonable co-operation to the APR Parties to facilitate the Turbines being leased to a third party nominated by the APR Parties;

    (v)    they will not object to the APR Parties making representations to any potential hirers of the Turbines that the APR Parties have full legal and equitable title to the Turbines and have full authority to deal with the Turbines in their complete and absolute discretion;

    (vi)    they will not make any Claim against the APR Parties for any income from the Turbines; and

    (vii)    they will not procure, or seek to procure any order from a court or arbitral tribunal of competent jurisdiction which would have the effect of:

        (A)    permitting, compelling or requiring any of the acts referred to in clauses 6(a)(i)-(iii) of this Deed to be taken; or

        (B)    impeding the APR Parties from taking any step that is otherwise permitted by clauses 6(a)(i)-(vi) of this Deed.

(b)    The APR Parties acknowledge and agree that from the Effective Date:

    (i)    the APR Parties are on risk in respect of the Turbines, the APR Parties will be liable for any loss or damage in respect of the Turbines (excluding any loss or damage which is caused by Forge or the Receivers), and the APR Parties are solely responsible as against Forge for the maintenance of the Turbines and are solely responsible for maintaining such insurance as they see fit in respect of the Turbines; and

Interim Arrangement Deed                                    Allens › ‹ Linklaters

(ii)     Forge and the Receivers are not on risk in respect of the Turbines, Forge and the Receivers will not be liable for any loss or damage in respect of the Turbines which is not caused by Forge or the Receivers, and Forge and the Receivers have no responsibility for the maintenance of the Turbines or maintaining any insurance in respect of the Turbines.

**7        Prosecution of the Australian Proceeding**

(a)     To the extent that paragraph (a) of the definition of the Australian Proceeding applies, each party irrevocably:

    (i)     accepts and submits to the jurisdiction of the Supreme Court of New South Wales or, if the Supreme Court of New South Wales is unable or unwilling to hear the matter, to the jurisdiction of the Federal Court of Australia (Sydney Registry) or, if the Federal Court of Australia (Sydney Registry) is unable or unwilling to hear the matter or if the parties agree in writing, to the jurisdiction of the Supreme Court of Western Australia, to hear and determine the competing claims of the parties in relation to the Turbines;

    (ii)    accepts and acknowledges that the Supreme Court of New South Wales or, if the Supreme Court of New South Wales is unable or unwilling to hear the matter, the Federal Court of Australia (Sydney Registry) or, if the Federal Court of Australia (Sydney Registry) is unable or unwilling to hear the matter or if the parties agree in writing, the Supreme Court of Western Australia, is an appropriate forum to determine the competing claims of the parties in relation to the Turbines;

    (iii)   waives any right to object to those forums on any ground; and

    (iv)    agrees that:

        (A)    for 28 days commencing on the Effective Date, the Australian Proceeding may only be commenced by one or more of Forge and the Receivers (or by any parties as the Receivers may decide in writing are appropriate);

        (B)    after the period stipulated in (A) has expired, any party may commence the Australian Proceeding;

        (C)    the parties will bear their own legal costs of the Australian Proceeding and do all things necessary to give effect to that agreement, including, without limitation:

            (1)    not seeking any costs orders in the Australian Proceeding;

            (2)    agreeing to vacate any costs orders which are made in the Australian Proceeding ;

            (3)    not taking any steps to enforce any costs orders which are made in the Australian Proceeding; and

        (D)    neither party will seek an order for security for costs in the Australian Proceeding.

(b)     The parties agree that they will take all steps necessary, in a prompt and cooperative manner, to:

    (i)     cause the Australian Proceeding to be brought and pursued to a final determination expeditiously; and

Interim Arrangement Deed                                    **Allens › ‹ Linklaters**

    (ii)    make submissions, to the extent if at all that such submissions may become reasonably required and appropriate in the Australian Proceeding to the effect that:

        (A)    the court or arbitrator has jurisdiction to hear the Australian Proceeding and is an appropriate forum to do so;

        (B)    nothing in this Deed affects the rights of Forge and the Receivers of the one part and of the APR Parties of the other part to make such Claims as the parties see fit as against each other in the Australian Proceeding in respect of the Turbines;

        (C)    nothing in this Deed may be pleaded or claimed by Forge and the Receivers as against the APR Parties in the Australian Proceeding or pleaded or claimed by the APR Parties as against Forge and the Receivers in the Australian Proceeding as an admission or waiver of a party's rights (if any) in respect of the Turbines or as a limitation on a party's rights to seek such orders as against another party as the first party sees fit in respect of the Turbines, including orders as against another party for the delivery up of the Turbines;

        (D)    no dealing with the Turbines which takes place from the Effective Date (whether pursuant to clause 6 or otherwise) may be pleaded or claimed by a party as against another party in the Australian Proceeding as an admission or waiver of a party's rights (if any) in respect of the Turbines or as a limitation on a party's rights to seek such orders as against another party as the first party sees fit in respect of the Turbines, including orders as against another party for the delivery up of the Turbines;

        (E)    the court or arbitrator should determine the Australian Proceeding on the basis of the agreed fact that the Turbines remain situate in Australia, even if they have been removed from Australia; and

        (F)    no costs orders should be made in the Australian Proceeding.

## 8    Limitation of Liability

Subject to clause 10(d)(i), the parties agree and acknowledge that the maximum liability of the APR Parties to Forge and the Receivers or any of their respective Related Entities in connection with the Turbines, the Rental Agreement or the Australian Proceeding is limited to an amount equal to the amount secured by the Bond. Notwithstanding the foregoing, any liability of GE will be satisfied solely from the Bond. This clause 8 is paramount and, to the extent of any inconsistency between any other provision of this Deed and this clause 8, this clause 8 shall prevail.

## 9    Replacement Bond

    (a)    If:

        (i)    the issuer of the Bond ceases to have at least the Required Rating, the APR Parties must, within ten Business Days of being requested by Forge to do so, procure the issue to Forge of the Replacement Bond; or

        (ii)    the Bond is due to expire, the APR Parties must procure the issue to Forge of the Replacement Bond no later than 10 Business Days prior to the stated expiry date of the Bond.

Interim Arrangement Deed

Allens › ‹ Linklaters

(b)     Upon receipt of the Replacement Bond, Forge and the Receivers must immediately return the original Bond to or at the direction of the APR Parties.

**10      Demand under or return of the Bond**

(a)     Forge may make demand under the Bond and is entitled to receive (and subject to the GSA and the rights and obligations of the Receivers, to retain) the proceeds of the Bond if the following conditions are satisfied:

   (i)      Either:

      (A)      a finding or determination is made in the Australian Proceeding to the substantive effect that any of Forge or the Receivers have a superior right or title to, or interest in, the Turbines than that (if any) of the APR Parties;

      (B)      any period within which any party to the Australian Proceeding may appeal from a final or summary judgment or order in the Australian Proceeding to the effect referred to in clause 10(a)(i)(A) has expired without any party having initiated any such appeal in that period; and

      (C)      Forge has provided to the APR Parties five Business Days' notice in writing of its intention to make demand under the Bond;

   (ii)      Or:

      (A)      at any time, the issuer of the Bond ceases to have at least the Required Rating; and

      (B)      the APR Parties fail to comply with their obligations pursuant to clause 9(a)(i) to provide a Replacement Bond.

   (iii)      Or, the APR Parties fail to comply with their obligations pursuant to clause 9(a)(ii) to provide a Replacement Bond.

(b)     Should the issuer of the Bond fail to make immediate payment, in whole or in part, following a demand under the Bond issued by Forge pursuant to clause 10(a), the APR Parties will immediately pay to Forge upon written demand any shortfall in the Bond proceeds that were the subject of that demand. That payment will be treated in accordance with clause 10(c) if the demand on the issuer of the Bond was made pursuant to clause 10(a)(ii) or clause 10(a)(iii), and in accordance with clause 10(d) if the demand on the issuer of the Bond was made pursuant to clause 10(a)(i).

(c)     Should Forge or its nominee, acting by the Receivers, receive the proceeds of the Bond amounting to US$44,000,000, pursuant to clause 10(a)(ii) clause 10(a)(iii), Forge and the Receivers or any of their Respective Related Entities will deposit the proceeds of the Bond into an account opened by the Receivers in the name of Forge and such proceeds will only be withdrawn from that account if the conditions in clause 10(a)(i) have been met.

(d)     Upon receipt by Forge or its nominee, acting by the Receivers, of the proceeds of the Bond amounting to US$44,000,000, pursuant to clause 10(a)(i) (or, if the proceeds of the Bond have been received pursuant to clause 10(a)(ii) or clause 10(a)(iii) upon the conditions in clause 10(a)(i) having been met), and subject to receiving:

   (i)      any GST Amount (as defined in clause 20.1) that may first be payable by the APR Parties to Forge in respect of the Turbines; and

   (ii)      a written acknowledgment to the satisfaction of Forge (acting by its Receivers) from the APR Parties of Forge's entitlement as against the APR Parties to retain the proceeds of the Bond,

Interim Arrangement Deed                                    Allens › ‹ Linklaters

Forge and the Receivers or any of their respective Related Entities will:

    (iii)    provide all reasonable co-operation to the APR Parties to facilitate AssetCo being treated as having a sole proprietary interest in and absolute legal title to the Turbines (to the exclusion of Forge, the Receivers or any of their respective Related Entities);

    (iv)    accept payment of the Bond in full and final settlement of all Claims against the APR Parties in relation to or in connection with the Turbines, the Rental Agreement and the Australian Proceeding; and

    (v)    release the APR Parties, their subsidiaries, affiliates, related companies, successors, assigns, directors, officers, servants and agents and each of them from all Claims that they have, or may have had but for this Deed, against the APR Parties arising out of, in relation to or in connection with the Turbines, the Rental Agreement and the Australian Proceeding.

(e)    The APR Parties may call for the return of the Bond, or of any proceeds of the Bond held by Forge pursuant to clause 10(c), if each of the following conditions is satisfied:

    (i)    a finding or determination is made in the Australian Proceeding to the effect that none of Forge or the Receivers have a superior right or title to, or interest in, the Turbines than that (if any) of the APR Parties;

    (ii)    any period within which any party to the Australian Proceeding may appeal from a final or summary judgment or order in the Australian Proceeding has expired without any party having initiated any such appeal in that period;

    (iii)    the APR Parties have provided to Forge five Business Days' prior written notice of their intention to call for the return of the Bond; and

    (iv)    the APR parties release Forge and the Receivers or any of their respective Related Entities, successors, assigns, directors, officers, servants and agents and each of them from all Claims that they have, or may have had but for this Deed, against Forge or the Receivers arising out of, in relation to or in connection with the Turbines, the Rental Agreement and the Australian proceeding.

(f)    The parties agree that upon the releases contained in clause 10(d) or 10(e) above taking effect, those releases may be pleaded as a bar to any action, suit or proceeding commenced now or taken at any time with respect to or in any way connected with the subject matter of the releases.

(g)    Subject to the conditions contained in clause 10(e) being satisfied, Forge must return the Bond, or the proceeds of the Bond as the case may be, to the APR Parties within five Business Days of receiving a written request from the APR Parties to do so.

(h)    For the purposes of clauses 10(a)(i)(B) and 10(e)(ii), the parties agree that no appeal is open to any party to the Australian Proceeding beyond the High Court of Australia.

(i)    The parties agree that their dealings and rights with respect to the Bond are as expressly set out in this Deed. No party shall have any right to act with respect to the Bond in any manner inconsistent with the terms of this Deed unless all of the parties subsequently agree otherwise in writing.

(j)    In this clause 10, each reference to a "finding or determination … made in the Australian Proceeding" refers to a finding or determination or judgment made or upheld by the highest court to determine that proceeding or, if no court determines the Australian Proceeding, to a finding or determination or award made in the arbitration.

Interim Arrangement Deed

**Allens › ‹ Linklaters**

## 11      Service

The APR Parties agree that any document related to the Australian Proceeding, or any appeal or cross-appeal from any determination in the Australian Proceeding, required to be served on any of the APR Parties, including any summons, statement of claim or other originating document, may be served on the relevant APR Party and will be taken to have been duly served on the relevant APR Party by being delivered to:

> Baker & McKenzie
> Level 27
> AMP Centre
> 50 Bridge Street
> Sydney NSW 2000
>
> Attention: David Walter

or to such other legal representative in Australia as the relevant APR Party may nominate from time to time.

## 12      Related Entities

(a)     Any Related Entity of a party may enforce any provision of this Deed that is expressed to confer any right, power, privilege or benefit on any Related Entity of a party, as if the Related Entity were a party to the Deed.

(b)     Each party holds the benefit of this clause (and every other provision of this Deed which is expressed to confer any right, power, privilege or benefit on a Related Entity) for the benefit of their respective Related Entities.

## 13      Confidentiality

### 13.1    Non-disclosure

Subject to clause 13.2, a party must not disclose the terms of this Deed.

### 13.2    Permitted disclosure

A party may disclose the terms of this Deed:

(a)     for the APR Parties, under corresponding obligations of confidence as imposed by this clause, to Regional Power Corporation trading as Horizon Power or any potential hirers of the Turbines;

(b)     for the Receivers, under corresponding obligations of confidence as imposed by this clause, to ANZ Fiduciary Services Pty Ltd in its capacity as security trustee of the Forge Security Trust and to any beneficiary of the Forge Security Trust;

(c)     under corresponding obligations of confidence as imposed by this clause, to:

(i)      a Related Entity of a party;

(ii)     any of its professional advisers, auditors, bankers, insurers or insurance brokers;

(d)     in enforcing this Deed or in a proceeding arising out of or in connection with this Deed;

(e)     if required under any law or any administrative guideline, directive, request or policy; or

(f)      with the prior written consent of each other party.

Interim Arrangement Deed

Allens › ‹ Linklaters

**14      Entire Agreement**

This Deed contains the entire agreement between AssetCo and OpCo, on the one hand, and Forge and the Receivers, on the other, with respect to its subject matter. It sets out the only conduct, representations, warranties, covenants, conditions, agreements or understandings (collectively **Conduct**) relied on by the parties and supersedes all earlier Conduct by or between the parties in connection with its subject matter. None of the parties have relied on or are relying on any other Conduct in entering into this Deed and completing the transactions contemplated by it.

**15      Amendment**

This Deed may only be amended by written agreement of each party to this Deed.

**16      Assignment**

A party cannot assign, charge, encumber or otherwise deal with any of its rights or obligations under this Deed, or attempt or purport to do so, without the prior written consent of each other party.

**17      No Waiver**

A failure to exercise or a delay in exercising any right, power or remedy under this Deed does not operate as a waiver. A single or partial exercise or waiver of the exercise of any right, power or remedy does not preclude any other or further exercise of that or any other right, power or remedy. A waiver is not valid or binding on the party granting that waiver unless made in writing.

**18      Further Assurances**

Each party must do anything necessary or desirable (including executing agreements and documents) to give full effect to this Deed and the transactions and future conduct contemplated by it.

**19      No Merger**

The rights and obligations of the parties will not merge on the completion of any transaction contemplated by this Deed. They will survive the execution and delivery of any assignment or other document entered into for the purpose of implementing a transaction.

**20      Goods and Services Tax**

**20.1    Recovery of GST**

If GST is payable, or notionally payable, on a supply made under or in connection with this Deed, the party providing the consideration for that supply must pay as additional consideration an amount equal to the amount of GST payable, or notionally payable, on that supply (the **GST Amount**). Subject to the prior receipt of a tax invoice, the GST Amount is payable at the same time that the other consideration for the supply is provided. If a tax invoice is not received prior to the provision of that other consideration, the GST Amount is payable within 10 days of the receipt of a tax invoice. This clause does not apply to the extent that the consideration for the supply is expressly stated to be GST inclusive or the supply is subject to reverse charge.

**20.2    Liability net of GST**

Where any indemnity, reimbursement or similar payment under this Deed is based on any cost, expense or other liability, it shall be reduced by any input tax credit entitlement, or notional input tax credit entitlement, in relation to the relevant cost, expense or other liability.

Interim Arrangement Deed

**Allens › ‹ Linklaters**

**20.3   Adjustment events**

If an adjustment event occurs in relation to a supply made under or in connection with this Deed, the GST Amount will be recalculated to reflect that adjustment and an appropriate payment will be made between the parties.

**20.4   Survival**

This clause will not merge upon completion and will continue to apply after expiration or termination of this Deed.

**20.5   Definitions**

Unless the context requires otherwise, words and phrases used in this clause that have a specific meaning in the GST law (as defined in the *A New Tax System (Goods and Services Tax) Act 1999* (Cth)) shall have the same meaning in this clause.

**21   Costs and Stamp Duty**

Each party must bear its own costs arising out of the negotiation, preparation and execution of this Deed. All stamp duty (including fines, penalties and interest) payable on or in connection with this Deed and any instrument executed under or any transaction evidenced by this Deed must be borne equally between the APR Parties of the one part and Forge and the Receivers of the other part.

**22   Governing Law and Jurisdiction**

This Deed is governed by the laws of New South Wales. In relation to it and related non-contractual matters each party irrevocably submits to the non-exclusive jurisdiction of courts with jurisdiction there, and waives any right to object to the venue on any ground.

**23   Counterparts**

This Deed may be executed in any number of counterparts. All counterparts together will be taken to constitute one instrument.  Upon an exchange of copies of counterparts of this Deed that have been executed by the parties taking place, the parties will each promptly provide an original and complete signed counterpart to the other parties.

**24   Notices**

Any notice, demand, consent or other communication (a ***Notice***) given or made under this Deed:

(a)   must be in writing and signed by the sender or a person duly authorised by the sender (or in the case of email, set out the full name and position or title of the sender or a person duly authorised by the sender);

Interim Arrangement Deed

Allens › ‹ Linklaters

(b)     must be delivered to the intended recipient by prepaid post (if posted to an address in another country, by registered airmail) or by hand, fax or email to the address, fax number or email address below or the address, fax number or email address last notified by the intended recipient to the sender:

     (i)     to Forge:

          Mark Mentha & Scott Langdon
          Joint and several receivers and managers of
          Forge Group Power Pty Limited (In Liquidation)
          (Receivers and Managers Appointed)
          c/- KordaMentha Pty Ltd
          Level 10
          40 St Georges Terrace
          Perth WA 6000

          Attention: Scott Langdon

          Fax No: +61 8 9220 9399

          Email: slangdon@kordamentha.com

     (ii)     to the Receivers:

          Mark Mentha & Scott Langdon
          Joint and several receivers and managers of
          Forge Group Power Pty Limited (In Liquidation)
          (Receivers and Managers Appointed)
          c/- KordaMentha Pty Ltd
          Level 10
          40 St Georges Terrace
          Perth WA 6000

          Attention: Scott Langdon

          Fax No: +61 8 9220 9399

          Email: slangdon@kordamentha.com

     (iii)     to the APR Parties:

          3600 Port Jacksonville Parkway

          Jacksonville FL 32226

          United States of America

          Attention: Steve List

          Fax No: +1 954 585 9197

          Email: steve.list@aprenergy.com

(c)     will be conclusively taken to be duly given or made:

     (i)     in the case of delivery in person, when delivered;

     (ii)     in the case of delivery by post, two business days after the date of posting (if posted to an address in the same country) or seven business days after the date of posting (if posted to an address in another country);

     (iii)     in the case of fax, on receipt by the sender of a transmission control report from the despatching machine showing the relevant number of pages and the correct destination fax number or name of recipient and indicating that the transmission has been made without error; and

Interim Arrangement Deed

Allens › ‹ Linklaters

(iv)    In the case of email, the earlier of:

    (A)    the time that the sender receives an automated message from the intended recipient's information system confirming delivery of the email;

    (B)    the time that the email is first opened or read by the intended recipient, or an employee or officer of the intended recipient; and

    (C)    two hours after the time the email is sent (as recorded on the device from which the sender sent the email) unless the sender receives, within that two hour period, an automated message that the email has not been delivered,

but if the result is that a Notice would be taken to be given or made on a day that is not a business day in the place to which the Notice is sent or is later than 4pm (local time) it will be conclusively taken to have been duly given or made at the start of business on the next business day in that place.

## 25    Receivers' limitation of liability

(a)    Each party to this Deed acknowledges and agrees that the Receivers enter into this Deed solely in their capacity as the joint and several receivers and managers of substantially all of the assets of, and as agents of, Forge.

(b)    If the Receivers incur any personal liability under or in connection with this Deed or any transaction entered into under or in connection with this Deed, any party to this Deed may enforce its respective rights against the Receivers in respect of any such liability only to the extent to which the Receivers may be indemnified for that liability out of any proceeds of sale of any property of Forge.

(c)    If any party to this Deed does not recover the full amount of the damages to which they might otherwise be entitled against the Receivers personally by enforcing the rights referred to in clause 25(b), they may not seek to recover the shortfall by:

    (i)    bringing proceedings against the Receivers in their personal capacity; or

    (ii)    proving in any bankruptcy of the Receivers.

(d)    To the maximum extent permitted by law, each party to this Deed waives its respective rights and releases the Receivers from any personal liability whatsoever in respect of any loss or damage under or in connection with this Deed or any transaction entered into under or in connection with this Deed which cannot be paid or satisfied out of any right of indemnity that the Receivers may have out of any proceeds of sale of any property of Forge.

(e)    From the Effective Date, the APR Parties release the Receivers from any Claim or personal liability for any unpaid rent in respect of the Turbines under the Rental Agreement, under section 419A of the *Corporations Act 2001* (Cth) or otherwise.

(f)    From the Effective Date, the APR Parties release the Receivers from any Claim or personal liability in respect of any alleged unlawful detinue of the Turbines by the Receivers or any other Claim against the Receivers personally for loss or damage sustained by the APR Parties arising from, relating to or connected with the competing Claims of Forge of the one part and the APR Parties of the other part in respect of the Turbines referred to in clause 5(a) above.

(g)    Notwithstanding any other clause of this Deed, each party acknowledges and agrees that it will not have any recourse to the Receivers in the event that the Receivers resign or

Interim Arrangement Deed

**Allens › ‹ Linklaters**

otherwise cease to act as receivers and managers of Forge. For the avoidance of doubt, this clause 25(g) does not operate to release the Receivers from any liability arising from acts or omissions performed by them up to and including the date that the Receivers resign or otherwise cease to act as receivers and managers of Forge.

(h)   Forge holds the benefit of this clause (and any other provision of this Deed which is expressed to confer any right, power, privilege or benefit on the Receivers or the Receivers' Related Entities) for the benefit of the Receivers and the Receivers' Related Entities.

## 26   Participation of GE

(a)   Notwithstanding anything to the contrary in this Deed, GE enters into this Deed solely for the purposes of taking the benefit of and being bound by (as applicable) clauses 1, 3, 4, 5, 6(b)(ii), 7(a), 8, 13, 14, 15, 16, 17, 18 (but only insofar as GE is to be bound by the clauses identified in this clause 26), 19, 22, 23, 24, 25 and 26 of this Deed. Notwithstanding the foregoing, if any party other than GE breaches this Deed, then such breach will not give rise to any liability of GE. This clause 26 is paramount, and to the extent of any inconsistency between this clause 26 and any other provision of this Deed, this clause 26 will prevail.

(b)   For the avoidance of doubt, and without otherwise limiting the scope of this clause 26, GE has no obligation with respect to providing the Bond, and no obligation with regard to any amounts that might ultimately be due to Forge and the Receivers, under the Bond or otherwise.

Interim Arrangement Deed                                          Allens › ‹ Linklaters

# Execution Page

Any attorney executing this Deed states that he or she has no notice of the revocation or suspension of his or her power of attorney.

**Executed and delivered as a Deed**

**Executed** as a deed on behalf of **Forge Group Power Pty Limited ACN 103 678 324 (In Liquidation) (Receivers and Managers Appointed)** by one of its joint and several receivers and managers in the presence of:

_____          _____

Witness Signature                                         Receiver and Manager

_____          _____

Print Name                                                    Print Name

**Signed, Sealed and Delivered** by **Mark Mentha** in his capacity as a joint and several receiver and manager of substantially all of the assets of Forge in the presence of:

_____          _____

Witness Signature                                         Signature

JOANNE ZAFIRAKOS

_____

Print Name

**Signed, Sealed and Delivered** by **Scott Langdon** in his capacity as a joint and several receiver and manager of substantially all of the assets of Forge in the presence of:

_____          _____

Witness Signature                                         Signature

_____

Print Name

Interim Arrangement Deed                                        Allens › ‹ Linklaters

# Execution Page

Any attorney executing this Deed states that he or she has no notice of the revocation or suspension of his or her power of attorney.

## Executed and delivered as a Deed

**Executed** as a deed on behalf of **Forge Group Power Pty Limited ACN 103 678 324 (In Liquidation) (Receivers and Managers Appointed)** by one of its joint and several receivers and managers in the presence of:

_____
Witness Signature

_BETHANY   BLONDEL_
Print Name

_____
Receiver and Manager

_SCOTT   LANGDON_
Print Name

**Signed, Sealed and Delivered** by **Mark Mentha** in his capacity as a joint and several receiver and manager of substantially all of the assets of Forge in the presence of:

_____
Witness Signature

_____
Print Name

_____
Signature

**Signed, Sealed and Delivered** by **Scott Langdon** in his capacity as a joint and several receiver and manager of substantially all of the assets of Forge in the presence of:

_____
Witness Signature

_BETHANY   BLONDEL_
Print Name

_____
Signature

Interim Arrangement Deed

**Signed, Sealed and Delivered by General Electric International, Inc. a foreign limited liability corporation, in the presence of:**

_____
Witness Signature

_____
Print Name

Seal

_____
Authorised Signatory

_____
Print Name

**Signed, Sealed and Delivered by Power Rental Op Co Australia, LLC, a foreign limited liability corporation, in the presence of:**

_____
Witness Signature

Angela A Redd
Print Name

Seal

_____
Authorised Signatory

Steven S. List
Print Name

**Signed, Sealed and Delivered by Power Rental Asset Co Two, LLC, a foreign limited liability corporation, in the presence of:**

_____
Witness Signature

Angela A. Redd
Print Name

Seal

_____
Authorised Signatory

Steven S. List
Print Name